# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Action No. 1:12-CR-0058-3 |
| v. | : | (Judge Conner) |
| **DARRIN MATHIS**, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 11th day of July, 2013, upon consideration of the motion to sever (Doc. 138) filed by defendant Darrin Mathis, in which Mathis argues that he will suffer substantial prejudice if tried with his codefendants,[1] and requests that the court sever his trial from that of his codefendants or empanel a second jury

---

[1] Specifically, Mathis asserts that he will suffer clear and substantial prejudice if tried with codefendants Azim Showell, Fareed Ray, and Dawan Maynard. Mathis does not contend that he and his codefendants were improperly joined, see FED. R. CRIM. P. 8, only that such joinder will prove prejudicial at trial.

pursuant to Federal Rule of Criminal Procedure 14, see FED. R. CRIM. P. 14(a),[2] it is

---

[2] A district court may order separate trials or other appropriate relief for joined defendants if the consolidation "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). The defendant seeking severance bears the burden of showing the existence of prejudice. United States v. Euphrasio, 935 F.2d 553, 568 (3d Cir. 1991). The decision whether to grant a motion for severance is committed to the sound discretion of the district court, and should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011)(internal citation and quotations omitted); see also United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005); Zafiro v. United States, 506 U.S. 534, 539 (1993). Mathis bears a "heavy burden" to establish prejudice. Lore, 430 F.3d at 205.

Mathis argues that he will suffer clear and substantial prejudice if tried with his codefendants for two reasons. First, he anticipates that he and his codefendants will assert mutually antagonistic, irreconcilable defenses to Counts VI (possession with intent to distribute controlled substances) and VII (conspiracy to possess a firearm in relation to and in furtherance of drug trafficking) of the indictment. (Doc. 139 at 3-4). These counts relate to defendant's February 2, 2012 arrest, when he and two codefendants were discovered in a car containing a quantity of cocaine in the center console. At trial, Mathis intends to argue that the cocaine was the possession of his codefendants, and he anticipates that they will advance similar arguments, thereby implicating him. Mathis asserts that logically, the cocaine must have belonged to one of them, therefore their antagonistic defenses are irreconcilable and likely to prejudice him. This argument is insufficient to justify severance in the instant matter. In the federal system, there exists a preference for joint trials of defendants who are indicted together. Zafiro, 506 U.S. at 537; United States v. Urban, 404 F.3d 754, 755 (3d Cir. 2005). Joint trials are not only efficient, but also allow for a "more accurate assessment of relative culpability" and avoid the scandal and inequity of inconsistent verdicts. Richardson v. Marsh, 481 U.S. 200, 209-210 (1987). Mutually antagonistic defenses may be grounds to override this preference, Zafiro, 506 U.S. at 538-39; however, the probability of finger-pointing among co-defendants is insufficient to show a finding of mutually-antagonistic defenses. United States v. Voigt, 89 F.3d 1050, 1095 (3d Cir. 1996); see also United States v. Barber, 442 F.2d 517, 530 (3d Cir. 1971) ("The mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating another have both been held to be insufficient grounds to require separate trials.").

Mathis also argues that evidence used against his codefendants to prove counts not implicating him will unduly prejudice the jury. (Doc. 139 at 4). However, the Third Circuit has made clear that "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." Lore, 430 F.3d at 205 (quoting United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)). The relevant inquiry is whether the jury

hereby ORDERED the that motion (Doc. 138) to sever is DENIED.

                         S/ Christopher C. Conner
                         CHRISTOPHER C. CONNER
                         United States District Judge

---

will be able to "compartmentalize" the evidence with respect to the different defendants and counts. Id. Beyond his bare assertions to the contrary, Mathis has not shown that a jury will be unable to compartmentalize the offenses against Mathis, and the offenses against his codefendants. See Richardson, 481 U.S. at 211 (noting that "juries are presumed to follow their instructions"). Combined with appropriate limiting instructions, the risk of prejudicial spillover is minimized. See, e.g., Zafiro, 506 U.S. at 540-41 (recognizing that appropriate instructions regarding separate consideration of the evidence as to each individual defendant were sufficient to "cure any possibility of prejudice"). In addition, Mathis is charged as a conspirator with his codefendants (Counts I and VII) and evidence of other defendants' acts in furtherance of these conspiracies would be admissible in trial against Mathis, regardless of whether his case is severed. Hence there is little danger of undue prejudice.

       In consideration of the above, severance under Rule 14(a) is inappropriate in the instant matter.